UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| LAURA E. GROSS, | No. 2:18-cv-2486-EFB |
|---|---|
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER |
| ANDREW SAUL, Commissioner of Social Security | |
| Defendant. | |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her applications for: (1) Social Security Disability Insurance ("SSDI") under Title II, and (2) supplemental security income ("SSI") under Title XVI, of the Social Security Act. The parties' cross-motions for summary judgment are pending. ECF Nos. 14 & 15. For the reasons discussed below, plaintiff's motion for summary judgment is granted and the Commissioner's motion is denied.

I. BACKGROUND

Plaintiff filed her application for SSDI on November 14, 2014 and her application for SSI on December 30, 2014. Administrative Record ("AR") at 216-17, 218-28. Plaintiff's applications were denied initially and upon reconsideration. *Id.* at 133-37, 143-53. On March 7, 2017, a hearing was held before administrative law judge ("ALJ") Sara A. Gillis. *Id.* at 30-68.

1

Plaintiff was represented by counsel at the hearing, at which she and a vocational expert testified. *Id.*

On September 6, 2017, the ALJ issued a decision finding that plaintiff was not disabled under sections 216(i), 223(d), and 1614(a)(3)(A) of the Act.[1] *Id*. at 15-25. The ALJ made the following specific findings:

1. The claimant meets the insured status requirements of the Social Security Act through June 30, 2015.

2. The claimant engaged in substantial gainful activity during the following periods: [August 30, 2016 through March 31, 2017] (20 CFR 404.1520(b), 404.1571 *et seq.*, 416.920(b) and 416.971 *et seq.*)

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401 *et seq*. Supplemental Security Income is paid to disabled persons with low income. 42 U.S.C. §§ 1382 *et seq*. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. *See* 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. *Yuckert*, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. *Id.*

2

* * *

3. There has been a continuous 12-month period during which the claimant did not engage in substantial gainful activity. The remaining findings address the periods the claimant did not engage in substantial gainful activity.

4. The claimant has the following severe impairments: obesity with mechanical back pain and bilateral carpal tunnel syndrome (20 CFR 404.1520(c) and 416.920(c)).

* * *

5. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

* * *

6. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 20 CFR 416.967(b) except she can frequently handle, finger, and feel with both upper extremities and she can occasionally climb, balance, stoop, kneel, crouch, and crawl.

* * *

7. The claimant is capable of performing past relevant work as a storage clerk, hotel clerk, and administrative clerk. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).

* * *

8. The claimant has not been under a disability as defined by the Social Security Act, from March 1, 2013, through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

*Id.* at 17-24.

Plaintiff's request for Appeals Council review was denied on July 30, 2018, leaving the ALJ's decision as the final decision of the Commissioner. *Id.* at 1-5.

II. LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record and the proper legal standards were applied. *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000);

1 | *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. *See Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Saelee v. Chater*, 94 F.3d 520, 521 (9th Cir. 1996). "'It means such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

III.  ANALYSIS

Plaintiff argues that the ALJ erred by: (1) rejecting medical opinions from examining physicians Michelina Regazzi, Fariba Vesali, and Lenore Tate; (2) improperly rejecting plaintiff's testimony regarding her symptoms; (3) improperly rejecting the lay witness testimony of plaintiff's husband; and (4) failing to support her step four finding with substantial evidence. The court finds that the ALJ erred by failing to justify[2] her decision to discount Dr. Regazzi's opinion. Thus, it finds it unnecessary to discuss plaintiff's remaining arguments.[3]

---

[2] Plaintiff states that the ALJ was required to give "clear and convincing" reasons for discounting Regazzi's opinion – the standard appropriate where an examining physician's opinion is uncontradicted. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995). The Commissioner argues that the appropriate requirement is the provision of "specific and legitimate reasons" – the standard appropriate where an examining physician's opinion is contradicted by another medical opinion. *See Bray v. Comm'r of SSA*, 554 F.3d 1219, 1228 n.8 (9th Cir. 2009). The court need not delve into this dispute insofar as it finds that, even under the more forgiving standard advocated by the Commissioner, the ALJ still failed to discharge her analytical responsibilities.

[3] The court finds that, even if the remaining arguments were credited, remand for further proceedings would be more appropriate than remand for payment of benefits.

4

With respect to Dr. Regazzi, the ALJ wrote:

> Michelina Regazzi, PhD, who conducted a consultative examination of claimant in July 2013, provided a medical source statement in which she opined that the claimant had no limitation in her ability to perform either simple or complex tasks, interact with others, be aware of workplace hazards, or maintain regular attendance (Exhibit 1F). The undersigned gives this portion of Dr. Regazzi's opinion significant weight, as it is consistent with the remaining objective evidence in the file, as well as the fact that the claimant has never sought out psychiatric treatment. *However, she noted that the claimant had moderate limitation in her ability to handle normal work-related stress. The undersigned gives this part of Dr. Regazzi's opinion no weight as there is nothing in her report to support this conclusion, and she failed to explain how she reached this conclusion.*

AR at 19 (emphasis added). Plaintiff contends that the ALJ misstated the record when she found that nothing in Regazzi's report supported the foregoing moderate limitation. ECF No. 14 at 12. The court agrees. In her report and after recounting plaintiff's limitations, Regazzi states that:

> Given the claimant's reported symptoms and results of this evaluation, it appears that the mental health conditions may be secondary to her chronic pain condition. Her psychological symptoms of stress and depressed mood appear to be the result of her pain and the limitations in her activities resulting from the chronic pain.

AR at 349. The only logical reading of the report is that the moderate limitation was assessed because Regazzi credited plaintiff's complaints of chronic pain. Elsewhere in the report, under the heading "Current Level of Functioning," Regazzi noted that "[plaintiff] reports that she mostly spends her day trying to keep out of pain." *Id.* at 347. Plaintiff reported that the pain contributed to her limitations and, consequently, to her stress. To wit: "[plaintiff] expressed that this is part of the *stress* – that she can no longer do what she used to do." *Id.* (emphasis added). Thus, the ALJ's finding that *nothing* supported the limitation was plainly incorrect.

The Commissioner argues that the ALJ's finding that "nothing in the report" supports the moderate limitation is a rational interpretation of the record to which this court must defer. That argument might be persuasive if the ALJ had given some indication that she had considered the portions of the report quoted above and, having done so, found them unsupportive of the limitation. But that was not done. The law of this circuit requires an ALJ to "do more than state

conclusions. [Sh]e must set forth [her] own interpretations and explain why they, rather than the doctors', are correct." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). That obligation was not discharged here. The ALJ offered no analysis before proclaiming that nothing in the report supported Regazzi's limitation. As it stands, the court can only conclude that the ALJ erred by overlooking these portions of Regazzi's report. *See Burrell v. Colvin*, 775 F.3d 1133, 1140 (9th Cir. 2014) (it was error for ALJ to dismiss a source opinion as supported by "little explanation" where the ALJ overlooked relevant notes).

The Commissioner also points to various portions of Regazzi's report which, he contends, are inconsistent with the assessed limitation. ECF No. 15 at 7. But the ALJ did not specifically rely on any of the findings that the Commissioner cites to, and this court is "constrained to review the reasons the ALJ asserts." *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003). Again, she merely stated that "there is nothing in the report to support such a finding." AR at 19.

For the foregoing reasons, the ALJ's determination must be reversed. The only question that remains is whether to remand for payment of benefits or for additional proceedings. "The decision whether to remand a case for additional evidence, or simply to award benefits is within the discretion of the court." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987). A court should remand for further administrative proceedings, however, unless it concludes that such proceedings would not serve a useful purpose. *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2016). The court cannot say that additional proceedings would have no utility in the present case. That the ALJ failed to provide sufficient reasons for discounting the opinion of plaintiff's examining physician in this instance does not compel a finding that she is categorically *unable* do so.

IV. CONCLUSION

Based on the foregoing, it is hereby ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 14) is GRANTED;

2. The Commissioner's cross-motion for summary judgment (ECF No. 15) is DENIED;

3. This matter is REMANDED for additional administrative proceedings; and

/////

4. The Clerk of Court is directed to enter judgment in plaintiff's favor and close the case.

DATED: March 18, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE